UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | | |
|---|---|---|
| DON PHILIPPI, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00272-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | O R D E R |
| HOWARD SKOLNIK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Rehearing Motion on Decision by Court on 9-24-2013 Based on Defendants Committing Fraud Upon the Court (#99). The defendants have filed their opposition (#102) and the plaintiff has filed his reply (#104). The Court will treat Plaintiff's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

The plaintiff's motion centers around what Plaintiff has characterized as a fraud committed upon the Court based upon one of Defendants' records which reflected that much of the subject property at issue in Plaintiff's complaint had been destroyed when, in fact, it was still in the possession of the defendants and State prison authorities. Once discovered, the property was released to the plaintiff by prison authorities through shipment to his designated family representative.

It is evident to the Court that there was no fraud committed upon the Court as it was the defendants who discovered the property had not been destroyed and disclosed its discovery to the plaintiff within several weeks after having filed their Motion for Summary Judgment on November 1,

2012 (#66). The revelation that the property had not been destroyed was fully known to all parties prior to the completion of briefing on Defendants' Motion for Summary Judgment on December 31, 2012 (#74), and long before the Report and Recommendation concerning Defendants' Motion for Summary Judgment by the Magistrate Judge on April 24, 2013 (#80). More importantly, however, is the fact that the status of the subject property was irrelevant to the decision by the Magistrate in her Report and Recommendation and the Court's decision accepting and adopting the Magistrate's Report and Recommendation on September 24, 2013 (#95). Significantly, neither Plaintiff nor Defendants brought the error concerning the status of the property to either court's attention until after those courts' substantive orders in this case. The issues raised in Plaintiff's complaint were irrelevant to the destruction or possession status of the subject property. Accordingly, summary judgment and dismissals in favor of Defendants (#95) were properly ordered and no grounds raised by Plaintiff in his motion warrant a motion for reconsideration.

IT IS THEREFORE ORDERED that Plaintiff's Motion for reconsideration (#99) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of January, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE